*In re* KLEIN'S ESTATE.

APPEAL OF KLEIN.

EXECUTORS AND ADMINISTRATORS—SPECIAL ADMINISTRATORS—COMPENSATION—STATUTES.

Section 14117, 3 Comp. Laws 1915, fixing the compensation of administrators, does not apply to special administrators whose compensation should be determined by the probate court, considering the services actually rendered; and the amount thereof must be left to the sound discretion of that court.

Error to Wayne; Van Zile, J. Submitted April 10, 1919. (Docket No. 25.) Decided May 29, 1919.

The Detroit Trust Company presented its final account as special administrator of the estate of Pauline Klein, deceased. The account was allowed in the probate court, and Adele L. Klein, executrix, appealed to the circuit court. Judgment for claimant. Contestant brings error. Reversed, and remanded.

*James H. Pound,* for appellant.

*William Van Dyke,* for appellee.

KUHN, J. The Detroit Trust Company was appointed special administrator of the estate of Pauline Klein, deceased, and acted in such capacity for a period of approximately six months, during which time there was a contest pending with reference to the will of said Pauline Klein, deceased. During the time that it acted as such administrator, it had under its control $17,823.88 in mortgages, $2,259.84 in cash, collected $462.20 interest on mortgages, and collected rent from improved real estate amounting to $679.75. It dis-

bursed $1,322.04, and at the time of filing its account had left a cash balance of $525.63. It asked to have allowed for its services the sum of $312.67, which was claimed as the statutory fee allowed to administrators. From this allowance the estate appealed to the circuit court, giving notice in its notice of appeal that it objected to the allowance of the administrator's fees. Upon the hearing in the circuit court, that court determined that the only question for determination was a question of law, and refused to impanel a jury. After a full hearing the account was allowed to stand as presented to the probate court, with the fees of the administrator as claimed.

The meritorious question which is presented by the assignments of error, and which was argued upon the hearing of the case in this court, is whether or not a special administrator is entitled to the statutory commissions. It is claimed that the special administrator is so entitled. The only claimed authority in the statutes for such holding is found in section 14117, 3 Comp. Laws 1915, which reads as follows:

"When no compensation shall be provided by the will, or the executor shall renounce all claim thereto, he shall be allowed all necessary expenses in the care, management and settlement of the estate, and commissions upon the amount of personal estate collected and accounted for by him, and of the proceeds of real estate sold under an order of the court for the payment of debts, as follows: For the first thousand dollars, at the rate of five per cent.; for all above that sum and not exceeding five thousand dollars, at the rate of two and one-half per cent.; and for all above five thousand dollars, at the rate of one per cent.; and the same commissions shall be allowed to administrators, or such executor or administrator shall be entitled to receive one dollar for each day and fifty cents for each half day for the time necessarily employed by him in the care and management of the

estate together with his actual and necessary disbursements therein."

Nowhere in the statute is there any provision made for the compensation of special administrators, but it is contended that the word "administrators," as used in the section above quoted, should be held to be comprehensive and to include special administrators as well as general administrators. Such we do not think was the intent of the legislature because it would lead to the necessary result that a special administrator, however much personal property he might get into his hands, and however short the period might be during which he held the property, would be entitled to the statutory fees as a matter of right, and the same charge would be then again made against the estate by the general administrator or executor, to whom the property would necessarily have to be turned over upon his having been appointed and qualified. It can be readily seen that this would result in a very unjust burden being placed upon the estates of deceased persons when the necessity for the appointment of a special administrator arises, and it is our opinion that the compensation provided for in the statute should not be held to apply to special administrators, whose term of office is of uncertain tenure and whose duties are simply to conserve the estate pending the appointment of a general administrator or executor. Upon proper petition being filed, the compensation of special administrators should be determined by the probate court, considering the services actually rendered, and the amount thereof must be left to the sound discretion of that court.

We, therefore, are of the opinion that both the probate court and the circuit court erred in fixing the compensation of the special administrator in accordance with the statute. This will necessitate the re-

manding of the case to the circuit court with direction
to remand to the probate court to have the fees of the
special administrator fixed and determined in accord-
ance with this opinion. Costs will be allowed to the
appellants against the Detroit Trust Company.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE,
FELLOWS, and STONE, JJ., concurred.